IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEITH W. DEWITT, SR. | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv307 |
| WARDEN, USP BEAUMONT | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Keith W. DeWitt, Sr., an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner complains he was denied due process during a prison disciplinary proceeding on January 22, 2021 at the Federal Correctional Complex in Beaumont, Texas.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is confined at the Federal Correctional Complex in Beaumont, Texas which is located in the Beaumont Division of the Eastern District of Texas. Thus, jurisdiction is proper in

the Eastern District of Texas. However, the petition has been inadvertently filed in the Lufkin Division instead of the Beaumont Division.

While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner is confined and the disciplinary proceeding occurred.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner is confined in the Beaumont Division and complains of a disciplinary conviction which occurred in the Beaumont Division, all records and witnesses involving this action most likely will be located in the Beaumont Division. Thus, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Eastern District of Texas, Beaumont Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

SIGNED this 10th day of January, 2022.

_____
Zack Hawthorn
United States Magistrate Judge